IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Evtor Shipping Inc., for itself and as claimant to the M/V SILVER RAY (IMO 9493133), in rem ) | ) Civil Action No.: 2:25-cv-12410-RMG |
| Plaintiff, ) | ) |
| ) | ) **MOTION FOR EXTENSION** |
| v. ) | ) **OF TIME TO RESPOND TO** |
| ) | ) **COMPLAINT AND** |
| Brunswick Corp., and Correnti S.R.L., and Large Concept SARL ) | ) **MEMORANDUM IN SUPPORT** |
| ) | ) |
| Defendants. ) | ) |
| _____ ) | ) |

Defendants, Correnti Srl ("Correnti") and Large Concept SARL ("Large Concept") (collectively "Defendants"), by and through counsel, and hereby move pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure and request a twenty-one (21) day extension of time to answer or otherwise respond to the Plaintiff's Complaint (ECF No. 1)("Complaint"). The grounds for this motion are that the undersigned counsel was recently retained on October 10, 2025, that the undersigned counsel needs additional time to review the file in order to prepare a response to the complaint, the parties have circulated a settlement agreement in Europe to resolve the dispute between them, Correnti's response is due on October 14, 2025, Large Concept's response is due October 20, 2025, Defendants' Baltimore Maryland counsel will not agree to an extension of time and Defendants' deadlines for responding to the Complaint have not expired.

Accordingly, Defendants are requesting that the Court grant Correnti an extension until

1

November 4, 2025 and Large Concept an extension until November 10, 2025[1].

The grounds for this motion are as follows:

1. Plaintiff filed its Complaint against Correnti and Large Concepts on September 9, 2025. Id.

2. The Summons to Correnti, an Italian company, was issued on September 10, 2025. See ECF No. 4.

3. Correnti was allegedly served with the Summons and Complaint in Italy on September 23, 2025. See ECF No. 9.

4. The Summons directed Correnti to answer or otherwise respond to the Complaint within 21 days of service of the Summons. See ECF No. 4.

5. If the alleged international service of the Summons and Complaint on Correnti was proper, which Correnti does not concede, the deadline for Correnti to answer or otherwise respond to the Complaint would be on Tuesday, October 14, 2025.

6. Therefore, the deadline for Correnti to answer or otherwise respond to the Complaint has not yet passed.

7. The Summons to Large Concept - a French company - was also issued on September 10, 2025. See ECF No. 4.

8. Large Concept was allegedly served with the Summons and Complaint in France on September 29, 2025. See ECF No. 10.

9. The Summons directed Large Concept to answer or otherwise respond to the

---

[1] In accordance with Local Civ. Rule 7.04 (D.S.C.), a supporting memorandum will not be filed as a full explanation of the motion as set forth in Local Civ. Rule 7.05 (D.S.C.) is contained within the motion and a memorandum would serve no useful purpose.

Complaint within 21 days of service of the Summons. See ECF No. 4.

10.     If the alleged international service of the Summons and Complaint on Large Concept was proper, which Large Concept does not concede, the deadline for Large Concept to answer or otherwise respond to the Complaint would be on Monday, October 20, 2025.

11.     Therefore, the deadline for Large Concept to answer or otherwise respond to the Complaint has not yet passed.

**Reasons for the Extension**

12.     Defendants' counsel has been formally appointed in this matter only last week. See affidavit of Undersigned counsel attached as Exhibit 1.

13.     Defendants and their undersigned counsel need additional time so that:

a)     Defendants can provide their full file to the undersigned counsel; and

b)     Counsel be afforded sufficient time to review the file, analyze it and, if necessary, seek an opinion from counsel in Italy and France on the issue of service of process and obtain any necessary additional information. Id.

14.     More importantly, Defendants' counsel have been informed by Defendants' European counsel that on Friday October 10, 2025, Plaintiff's counsel in the U.K. circulated a draft settlement agreement that could resolve the pending dispute between all parties. Id.

15.     Defendants' counsel in Europe are currently reviewing the proposed settlement agreement. Id.

16.     Counsel for Defendants has conferred with counsel for the Plaintiff, J. Stephen Simms, Esq., and notwithstanding the above, counsel for the Plaintiff has not consented to a courtesy extension of twenty-one days for Defendants to answer or otherwise respond to the Complaint. Id.

3

17.     The undersigned counsel has sent the attached email to counsel for the Plaintiffs confirming that Plaintiff would not consent to the extensions of time. See email attached as Exhibit 2.

18.     This matter is in its initial phases, therefore:

a)      Defendants' deadline to answer or otherwise respond to the Complaint has not previously been extended;

b)      The requested extension would not affect other deadlines because no scheduling order has been issued by the Court been;

c)      It is local practice in this District for counsel to grant reasonable extensions of time to respond to complaints, which includes a twenty-one day extension of time; and therefore

d)      An extension of the time to answer or otherwise respond to the Complaint will not be prejudicial to Plaintiff.

19.     To the contrary, the extension will promote judicial economy because:

a)      it will provide Defendants' counsel with the opportunity to gather, review and analyze the file and if needed answer or otherwise respond to the complaint: and

b)      it will provide the parties the time needed to review the proposed settlement agreement drafted by Plaintiff and potentially resolve their dispute.

20.     Both the Federal Rules of Civil Procedure and the Local Civ. Rules for the District of South Carolina contemplate providing Defendants with extensions of time to answer or respond to the Complaint. Rule 6 of the Federal Rules of Civil Procedure specifically provides a procedural mechanism for the Court to grants the extensions of time. Rule 6(b)(1) provides, in relevant part:

(b) Extending Time.

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

Since the time for Defendants to answer or respond to the Complaint, the Court can grant Defendants' motion as the above reasons are good causes for the extensions of time to be granted.

The Local Civ. Rules also acknowledge that it local practice for Plaintiffs to consent to reasonable requests from Defendants for extensions of time to answer or otherwise respond to the Complaint by allowing a party to grant in writing an extension of time.

Local Rule 12.01 reads:

> 12.01: Extensions of Time to Respond to a Pleading. A party may grant in writing one extension to any pleading asserting a claim, provided the extension does not exceed the lesser of twenty-one (21) days or the number of days within which the response was originally due. Further extensions may be sought by motion. *See* Local Civ. Rule 6.01 (D.S.C.) (Motions to Alter Time), Local Civ. Rule 29.01 (D.S.C.) (Stipulations Regarding Discovery Procedures), and Local Civ. Rule 37.01 (D.S.C.) (Motions to Compel Discovery).

Local Civ. Rule 12.01 (D.S.C.). This Local Rule serves as another ground for the Court to grant Defendants' extensions of time as the Local Rules allow a party to grant an extension without the Court's involvement.

WHEREFORE, Defendants respectfully requests that the Court extends Defendants' time to answer or otherwise respond to the Complaint through November 4, 2025 for Correnti and November 10, 2025 for Large Concept. Defendants have provided good causes for the extensions of time to be granted, which are usually granted under Local Civ. Rule 12.01, without the Court's

involvement.

                              BLUESTEIN LAW FIRM, P.A.

                              By: s/S. Scott Bluestein
                              S. Scott Bluestein / Federal Id No. 6891
                              266 W Coleman Blvd., Suite 103
                              Mount Pleasant, SC 29464
                              Post Office Box 22253
                              Charleston, SC 29413-2253
                              Telephone:  843-577-3092
                              Facsimile:  843-577-3093
                              Email: scott@boatinglaw.us

                              **ATTORNEY FOR DEFENDANTS**

October  14, 2025
Mount Pleasant, South Carolina

## CERTIFICATE OF CONSULTATION

    Prior to filing this motion,  I conferred with opposing counsel and attempted in good faith to resolve the matter contained in the motion.

                              By: s/S. Scott Bluestein